# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL J. VANIER,

        Petitioner,         Case Number: 2:08-CV-11681

v.         HON. GEORGE CARAM STEEH

JEFF WOODS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Paul J. Vanier, a state inmate currently incarcerated at the Hiawatha Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for two counts of second-degree criminal sexual conduct and three counts of fourth-degree criminal sexual conduct. Respondent has filed a Motion to Dismiss on the ground that the petition contains unexhausted claims.

## I.

Following a jury trial in Cheboygan County Circuit Court, Petitioner was convicted of two counts of second-degree criminal sexual conduct and three counts of fourth-degree criminal sexual conduct. He was sentenced as a third habitual offender to 6 to 30 years imprisonment for the second-degree criminal sexual conduct convictions, and 1 year 4 months to 4 years imprisonment for each of the fourth-degree criminal sexual conduct convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following

claim:

> Defendant-appellant is entitled to a new trial where the closing arguments of the prosecutor denied him a fair trial.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Vanier*, No. 264852 (Mich. Ct. App. Nov. 9, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claimed raised in the court of appeals, and the following additional claims:

> I. Defendant-Appellant was denied fundamental fairness, due process, and equal protection of law where the jury entered a verdict of guilty on the alleged offenses where there is insufficient evidence to prove beyond a reasonable doubt that Defendant-Appellant committed the charged offenses, therefore, his convictions require reversal.
>
> II. Defendant-Appellant was denied fundamental fairness, due process, and equal protection of law where trial counsel failed to submit the prosecution's proofs to vigorous adversarial testing, failed to produce potential exculpatory testimony, failed to produce potential res gestae testimony, failed to object to the inclusion of a potential biased jury member, and failed to move for a directed verdict of acquittal, thus requiring reversal of his criminal convictions.
>
> III. Defendant-Appellant was denied fundamental fairness, due process, and equal protection of law where appointed counsel on direct appeal failed to provide effective assistance of counsel where counsel failed to present for appellate review the legitimate and meritorious claims of error contained in new issues I and II.

The Michigan Supreme Court denied leave to appeal. *People v. Vanier*, No. 132839 (Mich. Apr. 24, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the four claims raised in his application for leave to appeal to the Michigan Supreme Court.

## II.

Respondent argues that the petition should be dismissed because Petitioner's second, third, and fourth claims are unexhausted. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner concedes that his second, third and fourth claims for habeas relief were not presented to the Michigan Court of Appeals. They were presented for the first time to the Michigan Supreme Court. Where a claim is presented for the first time to a state court on discretionary review, that does not constitute a "fair presentation" of the claim. *Castille v.*

...

*Peoples*, 489 U.S. 346, 351 (1989).  Thus, Petitioner has failed to exhaust his state court remedies with respect to these claims.

Michigan Court Rules provide a process through which Petitioner may present his unexhausted claims.  Petitioner may file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence.  *See* Mich. Ct. R. 6.508(D)(3).  Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001).  The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002).  The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, April 15, 2008, until Petitioner returns to federal court.  This tolling of the limitations period is conditioned upon Petitioner pursuing his state remedies within thirty days of this Court's Order and returning to federal court to seek leave to reopen these proceedings within thirty days of exhausting his state remedies.  *See id.* at 718.

### III.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from April 15, 2008, until the time Petitioner returns to federal court to pursue habeas relief, provided that (i) Petitioner presents his unexhausted claims to the state court within thirty days from the date of this order and (ii) Petitioner returns to this Court to seek leave to reopen the habeas corpus proceeding within thirty days of exhausting state court remedies.

Dated: May 29, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 29, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk